IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A. DOLORES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 02cv1458 |
| | ) | |
| URS CORPORATION, an Ohio corporation, | ) | |
| O'BRIEN-KREITZBERG, Inc., a | ) | |
| California corporation, and | ) | |
| DAMES & MOORE, INC., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court are the following Motions in Limine filed by Defendants in this matter:

(1) DEFENDANTS' MOTIONS IN LIMINE, with brief in support (*Document No. 71 and 72 respectively*), and Plaintiff's brief in opposition (*Document No. 74*); and

(2) DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING PLAINTIFF'S PAY IN THE ADMINISTRATIVE ASSISTANCE JOB (*Document Nos. 78 and 79, respectively*), and Plaintiff's brief in opposition (*Document No. 81*).

The Motions will be addressed seriatim.

### DEFENDANTS' MOTION IN LIMINE REGARDING TESTIMONY OF DAMAGES EXPERT (*Document No. 71-1*)

Defendants seek to exclude the testimony of Plaintiff's expert witness, Jay Jerrell, as to the fringe benefits allegedly lost by Plaintiff as a result of the termination of her employment.

Mr. Jarrell bases his calculation of Plaintiff's damages "on a percentage of her W-2 income. Specifically, he appears to indicate that Plaintiff's damages for lost benefits equal 8.1% of her W-2 income." Defs' Br. at 2.

Plaintiff, relying on *Kelly v. Matlack*, 903 F.2d 978, 985 (3d Cir. 1990), argues that a terminated employee is entitled to the value of fringe benefits he or she would have continued to receive even when the employee does not obtain replacement coverage. While it is certainly correct to argue that, on a proper foundation, courts have allowed an employee to recover benefits other than lost wages such as the replacement of life and disability insurance that had formerly been paid by the employer, this Court does not read *Kelly* to hold that in an employment discrimination case the proper damage calculation in all instances of lost fringe benefits is the value of the benefits in terms of the employer's cost to provide them.

Similar to the Age Discrimination in Employment Act, Title VII is of a "make-whole" nature. "When the discriminatory action is termination, a prevailing plaintiff is entitled to be made whole for losses sustained as a result of the termination." *Erie County Retirees Ass'n v. County of Erie, PA*, 166 F. Supp. 2d 310, 311 (W.D. Pa. 2001) (citations omitted). "The appropriate remedy for the discriminatory action is that which will, to the highest extent possible, put the Plaintiff[] in the position [she] would have been in had there been no discrimination." *Id*. (citation omitted).

The Court notes that several courts have calculated damages for the loss of health insurance in the termination context by determining how much the plaintiff expended in order to replace the insurance. *See, e.g., Purcell v. Sequin State Bank & Trust Co.* 999 F.2d 950 (5th Cir. 1993); *Kossman v. Calumet County*, 800 F.2d 697, 703-04 (7th Cir. 1986), *overruled on*

*other grounds by Coston v. Plitt Theatres, Inc.*, 860 F.2d 834 (7th Cir. 1988); *Merkel v. Scovill, Inc.*, 570 F. Supp. 141, 146 (S.D. Ohio 1983); *Curtis v. Robern, Inc.*, 819 F. Supp. 451, 459 (E.D. Pa. 1993).

After a thorough review of these cases, this Court agrees with the reasoning of the district court in the *Erie County Retirees Association* case and finds this case to be persuasive. Accordingly, Plaintiff will not be permitted to present evidence regarding lost employee benefits unless she is able to demonstrate that she purchased replacement benefits or incurred some out-of-pocket cost(s) with respect thereto. *See Rhodes v. Guiberson Oil Tools,* 82 F.3d 615, 620-21 (5th Cir.1996), *cert. denied,* 502 U.S. 868 (1991); *see also Merkel v. Scovill, Inc.,* 570 F. Supp. 141, 146 (S.D. Ohio 1983) (declined to award sum of health insurance premiums insurer would have paid on plaintiff's behalf in back-pay award because plaintiff never incurred these expenses and awarding them would make him more than whole).

In this matter, the Plaintiff will not be permitted to offer evidence that the value of her lost fringe benefits should be based upon a percentage of her W-2 income. However, evidence of actual costs and expenses which Plaintiff has expended as a result of lost fringe benefits may be admissible.

Accordingly, this Motion in Limine is **GRANTED**.

### DEFENDANTS' MOTION IN LIMINE REGARDING REMOVAL OF DOCUMENTS FROM DEFENDANTS' PERSONNEL FILES (*Document No. 71-2*)

Defendants' seek to preclude evidence or argument which relates to the alleged purging of racial information from Defendants' personnel files on the basis of relevance and/or

3

the potential of unfair prejudice. Also, Defendants argue that Plaintiff does not have evidence sufficient to lay a foundation for such argument or testimony.

The Court of Appeals for the Third Circuit addressed the relevancy of this evidence in its Opinion filed February 16, 2005, *to wit:* "Williams's claims of disparate treatment and retaliation must be considered along with the purging of all racial information from the [Defendants'] personnel files soon after Williams sent her second memorandum in the Summer of 2000." Opinion, at 14. Further, the Court of Appeals directed that the summary judgment record presented "significant questions of fact that require further discovery and merit review by a jury." *Id.* at 15.

Accordingly, assuming without deciding that Plaintiff will be able to lay a proper foundation, evidence relating to the purging of racial and/or compensation information from Defendants' personnel files will be presumably admitted. Therefore, this Motion in Limine is **CONDITIONALLY DENIED**.

**DEFENDANTS' MOTION IN LIMINE REGARDING EVIDENCE ABOUT ATTENDANCE AT MINORITY EVENTS OR HIRING OF MINORITIES ON CERTAIN PROJECTS (*Document No. 71-3*)**

Defendants argue that "[e]vidence of this nature is not probative of a bias against African Americans, and it is clearly not relevant to plaintiff's claim of race discrimination in her pay or retaliatory discharge."

However, the Court of Appeals for the Third Circuit has acknowledged that racial biases and considerations which relate to corporate culture and state of mind is relevant, admissible, and not unfairly prejudicial because it makes the existence of an invidious

discriminatory motivation for plaintiff's treatment more probable.  *See Becker v. Arco Chem. Co.*, 207 F.3d 176, 194 n. 8 (3d Cir. 2000); *Abrams v. Lightolier, Inc*., 50 F.3d 1204, 1212 (3d Cir. 1995) (evidence of how employer treated other members of the protected class was probative of whether employer harbored discriminatory attitude against such protected class).

Therefore, Plaintiff will be permitted to testify as to her personal knowledge with regard to whether she was asked to attend minority events and/or her personal knowledge or observations of the Defendants' alleged practices of hiring only African-Americans to work on or in connection with certain projects.

For these reasons, this Motion in Limine is **DENIED**.

**DEFENDANTS' MOTION IN LIMINE REGARDING OPINIONS OF CO-WORKERS ABOUT THE QUALITY OF PLAINTIFF'S PERFORMANCE (*Document No. 71-4*)**

Defendants contend that the opinions of Plaintiff's co-workers as to the quality of Plaintiff's work performance is irrelevant and, therefore, should be excluded.  Plaintiff responds that the testimony of these witnesses is clearly relevant as it will directly rebut the reasons Defendants have proffered for the termination of Plaintiff's employment.

Generally, the opinion testimony of co-workers is not relevant.  However, in the case sub judice, Defendants contend that Plaintiff's employment was terminated because her attention to detail was unacceptable, her computer skill level was deficient, her human resource education and experience was lacking, she failed to maintain a human resources computer database and file system, and she performed personal business during work hours.  Plaintiff intends to call her former co-workers to testify "relative to various and multiple weaknesses,

implausibilities, incoherencies, and contradictions in these alternative reasons proffered by the Defendants from which the jury could find them unworthy of credence, and infer intentional discrimination inconsistencies." Pl's Br. at 4-5.

The Court finds and rules that such anticipated testimony may be admissible with proper foundation in rebuttal to Defendants' evidence as to its legitimate, non-discriminatory reasons for Plaintiff's termination. The Court notes that a determination as to each witness will have to be made at the time the witness is presented. This Motion in Limine is **DENIED WITHOUT PREJUDICE** to Defendants having the opportunity to raise an objection after a proffer is made as to each former co-worker when and if presented as a rebuttal witness.

### DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE *(Document No. 78)*

Defendants argue that Plaintiff's claims of wage disparity for the time period during which she held the position of Administrative Assistant /Project Administrator (October 15, 1997, through January 4, 1998) are time barred and, therefore, any testimony or argument concerning her claim encompassing this time period should be excluded. Plaintiff contends that she was the victim of wage discrimination continuously and without interruption from the date she was first employed by Defendants on October 15, 1997, until the date that she received her last paycheck sometime after August 29, 2000.

The Court notes that when the instant case was reviewed by the Court of Appeals for the Third Circuit, the appellate court was very much concerned about the events and circumstances surrounding Plaintiff's hire and the subsequent change in her title from Project

Administrator to Administrative Assistant III.[1]  It appears that the Court of Appeals considered Plaintiff's claims to clearly fall within the "continuing violation theory," although it did not specifically speak to that issue.

This Court finds and rules that Plaintiff's claims meet all of the requirements necessary to fall within the "continuing violation theory."  Undeniably, Plaintiff alleges that she was the victim of wage discrimination continuously and without interruption from the date she was first employed by Defendants on October 15, 1997, until the date that she received her last paycheck sometime after August 29, 2000.  She has clearly alleged at least one act which occurred within the 300-day filing period [2] and she has alleged that this act was part of an on-going pattern as opposed to an isolated act of discrimination.  *See West v. Philadelphia Elec. Co.,* 45 F.3d 744, 754 (3d Cir. 1995).  For these reasons, Defendants' Motion in Limine is **DENIED.**

---

[1]  The appellate court stated as follows:
"When management was informed that Williams's starting salary as a Project Administrator was less than the salary assigned to that pay grade, O'Brien did not simply ignore the pay grade schedule, as O'Brien's second, alternative explanation suggests it would have. Rather, her title was downgraded to a position with a pay grade that was consistent with her lower salary.  As noted earlier, even after the downgrade, Williams's salary was still at the very bottom of the range applicable to the new title.  In short, there is enough evidence here to allow a reasonable fact finder to conclude that O'Brien's explanations are nothing more than a pretext and that the discrepancies Williams complains of actually resulted from racial bias."  Opinion, at 7-8.

[2]  Plaintiff first filed a charge with the EEOC alleging race discrimination in connection with her pay in December 2000.

So **ORDERED** this 16th day of February, 2006.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court

cc:     Michael E. Hoover, Esquire
        Diefenderfer, Hoover, Pross & Wood
        Email: mhoover@verizon.net

        John J. Myers, Esquire
        Email: jmyers@eckertseamans.com
        Christine M. Gass, Esquire
        Email: cgass@eckertseamans.com
        Eckert, Seamans, Cherin & Mellott